UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIE HOLLOWAY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-547** |
| **ANTON ATKINS AND BOGALUSA POLICE DEPARTMENT** | **SECTION C(2)** |

## ORDER AND REASONS

Before the Court is the Motion for Summary Judgment filed by the City of Bogalusa, incorrectly named Bogalusa Police Department. Rec. Doc. 52. Plaintiff has submitted no opposition. Having reviewed the record, the law, and the memorandum in support of the City's motion, the Court hereby GRANTS the motion for the reasons that follow.

## BACKGROUND

This case concerns very serious allegations of misconduct against a Bogalusa City police officer, defendant Anton Atkins. Plaintiff alleges that in July 2011, Atkins robbed him of $350 at gunpoint, told him to run, and fired shots in his direction as he ran away. Rec. Doc. 1 at 5. He has alleged that the Bogalusa Police Department covered up this crime by reducing the criminal charges against Atkins from armed robbery to malfeasance in office. *Id.*

The Bogalusa Chief of Police has confirmed that on July 10, 2011, the Bogalusa Police Department received a complaint of shots fired in the area of Rosa Pearl Lane and Plum Street. Culpepper Aff. ¶ 2. Chief Culpepper ordered an investigation by the Detective Bureau, which revealed Holloway's accusation of armed robbery against Atkins. *Id.* ¶ 3. Atkins was subsequently arrested for that offense and placed on administrative leave. *Id.*

According to Chief Culpepper, the Department's investigation concluded, among other things, that Atkins was not on duty at the time of the robbery, that Atkins was not in uniform at the

time of the robbery, that he was not taking any action in furtherance of the employment at the time of the robbery, and that he did not use his service weapon to commit the robbery. *Id.* ¶ 5. He attests that the Department has no policy, practice, or custom condoning its officers to commit armed robbery. *Id.* ¶ 6. Against this backdrop, the City seeks summary judgment.

## STANDARD OF REVIEW

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue of material fact in the case and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A dispute regarding a material fact is "genuine" if there is evidence that would allow a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Where the non-moving party bears the burden of proof at trial, the moving party has the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party must then "designate specific facts showing there is a genuine issue for trial" using evidence cognizable under Rule 56. *Id.* at 324.

## ANALYSIS

The City first argues that plaintiff can present no evidence to support his conclusory allegation that the City of Bogalusa, through its police department, covered up the conduct of defendant Atkins. Rec. Doc. 52-1 at 6-7, 8. When a person acting under color of state law acts to

cover-up the violation of another's constitutional rights, they may be liable under 1983 for depriving the victim of the right of access to the courts. *Ryland v. Shapiro*, 708 F.2d 967, 973-74 (5th Cir. 1983). The fact that defendant Atkins's charges were reduced is insufficient, standing alone, to support a claim for denial of access to the courts; plaintiff must point to some litigation opportunity that has been or will be lost as a result of actual misconduct. *Cf. Christopher v. Harbury*, 536 U.S. 403, 414-15 (2002). He fails to do so; therefore this allegation cannot move forward.

The City next argues that there is no evidence tying defendant Atkins's alleged behavior to an official policy, practice, or custom of the Bogalusa Police Department. Rec. Doc. 52-1 at 8. Under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), a plaintiff must prove that an official policy, created through deliberate conduct of the municipality, was the "moving force" behind a violation of his constitutional rights through the deliberate conduct of the municipality. *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 405 (1997).

In this case, the Chief of Police, as head policy maker, has attested that his department has no policy, practice, or custom that supports defendant Atkins's alleged behavior. Culpepper Aff. ¶ 6. Plaintiff has not responded with competent summary judgment evidence contradicting this statement. The incident in question does not, on the surface, implicate any official policy. Insofar as plaintiff would argue that the alleged coverup of Atkins's misconduct is evidence of a policy, plaintiff has presented no evidence of the coverup. *Cf. Thompson v. Johnson*, 348 F. App'x 919, 921 (5th Cir. 2009) (per curiam) (summary judgment granted on *Monell* claim where plaintiff merely alleged cover up without providing evidence). Thus, plaintiff's municipal liability claims against the City through its Police Department must be dismissed.

Accordingly,

IT IS ORDERED that the Motion for Summary Judgment filed by the City of Bogalusa, incorrectly named Bogalusa Police Department is GRANTED. Rec. Doc. 52. All claims against the City are DISMISSED with prejudice.

New Orleans, Louisiana, this 20th day of August, 2014

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE